IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BASIC RESEARCH, a Utah limited liability company; KLEIN-BECKER usa, a Utah limited liability company,<br><br>　　　　Plaintiffs,<br>v.<br><br>DISTROMEX S.A. de CV, a Mexican corporation; SPFM, a Texas limited partnership,<br><br>　　　　Defendants. | REPORT AND RECOMMENDATION REGARDING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION<br><br>Case No. 2:06cv669<br><br>Judge Tena Campbell<br><br>Magistrate Samuel Alba<br><br>Magistrate Paul M. Warner |

　　　　This matter was referred to Magistrate Judge Samuel Alba by District Judge Tena Campbell pursuant to 28 U.S.C. § 636(b)(1)(A).  Before the court is Basic Research and Klein-Becker's (collectively, "Plaintiffs") Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction.  Due to the unavailability of either Magistrate Alba or Judge Campbell and the urgent nature of a TRO, the motion was referred to Magistrate Judge Paul M. Warner by Chief Judge Dee Benson pursuant to Federal Rule of Civil Procedure 72(b) and Utah Local Rule 72-2(c).

　　　　A hearing on the motion was held November 29, 2006.  At the hearing, Plaintiffs were represented by James E. Magelby and Jason A. McNeill, and Distromex S.A. de CV and SPFM

(collectively, "Defendants") were represented by Patricia W. Christensen.  The court has carefully considered the motion and supporting memorandum submitted by Plaintiffs.[1]  After considering the arguments of counsel and taking the motion under advisement, the court RECOMMENDS that the motion be DENIED.

## I.  BACKGROUND[2]

Plaintiffs market and sell a cosmetic cream known as StriVectin-SD.  On or about May 17, 2006, Defendants purchased 10,000 units of Strivectin-SD and 5,000 units of Stivectin-SD Eye Cream from Plaintiffs.  Plaintiffs assert that Defendants agreed to sell the products only in Mexico and were prohibited from selling in the United States.  Defendants counter that there was no such agreement.  Defendants, however, allege that after accepting delivery and distributing the products to their customers, Defendants discovered a discrepancy between the labels on the boxes in which the tubes of StriVectin-SD were packaged and the actual tubes themselves.  Specifically, the boxes indicate that the tubes each contain six ounces of StriVectin-SD, while the tubes themselves have labels indicating that they contain only five ounces.  Plaintiffs have acknowledged the discrepancy, and both parties agree that the tubes actually contain six ounces each and were inadvertently mislabeled.

Plaintiffs offered to rectify the problem by either (1) reimbursing Defendants for costs of

---

[1] Because counsel for Defendants had only an hour's notice of the hearing on Plaintiffs' motion for a TRO, Defendants were not able, nor expected, to file a responsive memorandum.

[2] The following facts were derived from Plaintiffs' complaint and memorandum and from defense counsel's argument at the hearing.

placing a sticker on the tubes reflecting the correct product amount or (2) taking the tubes back and placing the sticker on themselves and returning them to Defendants for resale. Defendants, however, rejected both options, seeking instead conforming goods or a complete refund. Plaintiffs refused to provide conforming goods or allow Defendants to return the products and refund Defendants' money.

After the unproductive discussions between the parties regarding a proposed remedy for the mislabeled products and Defendants' alleged breach of contract for purportedly selling StriVectin-SD in the United States rather than solely in Mexico, Plaintiffs brought this breach of contract action against Defendants on August 11, 2006. In response, Defendants filed an action for breach of contract, breach of warranty, and fraud in Texas state court on August 21, 2006, which was removed to the United States District Court, Western District of Texas, San Antonio Division, on September 18, 2006.

All 10,000 units of the mislabeled StriVectin-SD were returned to Defendants, at Defendants' expense, from retailers who had purchased the product from Defendants. Almost 2000 additional tubes of mislabeled StriVectin-SD that was distributed by another source not a party to either the Utah or Texas cases were also returned. Apparently at an impasse, Defendants attempted to mitigate their damages by finding a buyer and selling the products at a discounted price. Upon learning that Defendants had negotiated a sale for the products and being concerned that Defendants would sell them to a discount retailer such as Costco, Plaintiffs filed the instant motion on November 29, 2006, seeking to enjoin Defendants from reselling the nearly 12,000

units of StriVectin-SD.  Defendants, however, had already sold and shipped the products to a buyer the previous day.

## II.  ANALYSIS

The Tenth Circuit has held that injunctive relief should issue if the moving party establishes the following four elements:  (1) there is a substantial likelihood that the movant will prevail on the merits; (2) the movant will suffer irreparable harm unless an injunction issues; (3) the threatened injury to the movant outweighs any harm that the proposed injunction might cause the opposing party; and (4) the injunction, if issued, would not be contrary to the public interest. *See, e.g.*, *Kiowa Indian Tribe v. Hoover*, 150 F.3d 1163, 1171 (10th Cir. 1998).  Because a preliminary injunction is considered an extraordinary remedy, "the right to relief must be clear and unequivocal."  *Schrier v. University of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (quotations and citations omitted).

The court finds that Plaintiffs have failed to meet their burden as to each of the four prongs for injunctive relief.  First, the court finds that it is not at all clear that Plaintiffs will prevail on the merits of their breach of contract claim.  Plaintiffs contend that during the negotiations for the purchase of the 15,000 units of StriVectin-SD, Defendants agreed to sell the products only to approved outlets in Mexico.  As evidence of this, Plaintiffs offer various ambiguous emails exchanged between the parties prior to the purchase.  Plaintiffs further assert that language on the back of the May 17, 2006 invoice prohibited Defendants from selling the StriVectin-SD to any reseller in the United States.  Defendants counter that the only terms

negotiated between the parties were as to price, quantity, and delivery of the goods. Additionally, Defendants contend, and Plaintiffs admit, that the products shipped to Defendants were nonconforming. Defendants state that upon discovery of the hidden defect, Defendants revoked their acceptance of the goods. Because of these and many other disputed facts in this matter, Plaintiffs cannot establish a substantial likelihood of success on the merits.

Second, Plaintiffs have not demonstrated that they will suffer irreparable harm if the TRO is not issued. "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Id.* at 1267 (quotations and citations omitted). Harm that is merely "serious or substantial" is not irreparable. *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001). "[T]he party seeking injunctive relief must show that the injury complained of is of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quotations and citations omitted). Furthermore, "simple economic loss usually does not, in and of itself, constitute irreparable harm; such losses are compensable by monetary damages." *Id.*

While Plaintiffs assert that allowing Defendants to sell the 12,000 units of StriVectin-SD to some unknown reseller at discounted prices will irreparably harm their reputation because they sell only to high-end department stores, Defendants contend, and Plaintiffs admit, that they have previously sold their products to Costco and other discount resellers. At the hearing, Plaintiffs were unable to provide the court even a ballpark figure of the number of units of StriVectin-SD

Plaintiffs sell in a year. As Plaintiffs' counsel admitted at the hearing, however, it is very likely that the number of units at issue here are merely a proverbial drop in the bucket as compared to the number of other units being sold around the country. Thus, it is tenuous at best that Plaintiffs will be irreparably harmed if their motion is not granted. Any harm suffered by Plaintiffs may be remedied by a claim for damages.

Because the court finds that Plaintiffs have failed to establish substantial likelihood of success on the merits or irreparable injury, it is unnecessary for the court to address the remaining prongs. *See Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1266 n.8 (10th Cir. 2004). Based on the numerous disputed facts in this matter, the necessity for injunctive relief has not been clearly established as required. *See United States ex rel. Citizen Band Potawatomi Indian Tribe of Okla. v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888-89 (10th Cir. 1989). It is therefore RECOMMENDED that Plaintiffs' motion be DENIED.

As a final note, the court completely concurs with its esteemed colleague in the Western District of Texas regarding this dispute:

> The Court is at a loss to understand why the parties have not worked out their differences. . . . This case has already resulted in the expenditure of far more attorneys' fees on both sides than the dispute should require. As the attorneys are undoubtedly aware, and should advise their clients, this case, if not resolved now, will drag on for an extended period of time at great expense to both sides. It is highly unlikely that the ultimate result will be any better for the parties than they can obtain right now by amicable resolution. . . . [T]he Court strongly advises both sides to take a step back, lower their gloves and settle the dispute in this case.

*Distromex S.A. de CV v. Basic Research, LLC*, No. SA-06-CA-0788-FB, *8 (W.D. Tex. filed 11/15/2006).

Copies of the foregoing Report and Recommendation are being sent to all parties who are

hereby notified of their right to object. The parties must file any objection to the Report and Recommendation within ten days after receiving it. Failure to object may constitute waiver of objections upon subsequent review.

DATED this 1st day of December, 2006.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge